# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONOVAN CASTRO, | ) | No. CV 08-3638-JFW(CW) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | |
| v. | ) | |
| | ) | |
| D. REES, M.D., et al., | ) | |
| | ) | |
| Defendants, | ) | |

As discussed below, this action is dismissed without prejudice.

## LEGAL STANDARD

It is well established that district courts have authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Omstead v. Dell, Inc., ___ F.3d ___, No. 08-16479, 2010 WL 396089 (9th Cir., Feb. 5, 2010); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)(dismissal for failure to prosecute to avoid undue delay or congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)(dismissal for failure to comply with any court order).

1    In particular, this court may dismiss an action when a pro se
2 litigant fails to keep the court informed of a current address,
3 pursuant to Rule 41-6 of the Local Civil Rules (C.D. Cal.):

4    A party proceeding pro se shall keep the Court and opposing
5    parties apprised of such party's current address and
6    telephone number, if any, and e-mail address, if any.  If
7    mail directed by the Clerk to a pro se plaintiff's address
8    of record is returned undelivered by the Postal Service, and
9    if, within fifteen (15) days of the service date, such
10   plaintiff fails to notify, in writing, the Court and
11   opposing parties of said plaintiff's current address, the
12   Court may dismiss the action with or without prejudice for
13   want of prosecution.

## DISCUSSION

This pro se prisoner civil rights action was opened on June 4, 2008.  In a minute order filed September 3, 2008, the court explained the governing rules and procedures, including Local Rule 41-6. [Docket no. 5.]  Plaintiff has shown that he understood the requirements of this rule by informing the court of previous address changes.  [See, e.g., docket no. 69, filed October 13, 2011.]

In a minute order filed March 6, 2012, Plaintiff was ordered to show cause, on or before March 28, 2012, why the action should not be dismissed for failure to comply with Rule 41-6.  [Docket no. 71.]  As noted in that minute order, the court searched using the inmate locator service of the California Department of Corrections website, as well as the equivalent services for the Butte County Jail, and found no record of Plaintiff being currently in custody, and no indication of any forwarding address.  [Id.]

That minute order and another order updating the docket were mailed to Plaintiff's address of record were returned to the court undelivered (with the annotation "not in custody") on March 19, 2012. [Docket nos. 72, 73.] Plaintiff has not responded to the order, informed the court of a new address, or otherwise communicated with the court, and the deadline for doing so has expired.

The minute order including the order to show cause was mailed on March 6, 2012. If March 9, 2012 (three days thereafter) is construed as the service date for the minute order, the fifteen-day period under Local Rule 41-6 expired on March 26, 2012 (the Monday following March 24, 2012). The deadline given in the order to show cause expired on March 28, 2012. The court has no other address for Plaintiff. This action cannot be moved toward disposition if the court has no way to communicate with Plaintiff and Plaintiff does not comply with the court's orders and rules.

**ORDERS**

Accordingly, **IT IS ORDERED** that judgment be entered dismissing this action, without prejudice, for failure to prosecute and failure to comply with Local Rule 41-6 and the orders of this court.

DATE: April 3, 2012

JOHN F. WALTER
United States District Judge

Presented by:
Dated: March 30, 2012

CARLA M. WOEHRLE
United States Magistrate Judge